UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHERINE LANTERI, individual and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No. 1:13-cv-1501-WTL-DKL ) |
| CREDIT PROTECTION ASSOCIATION, L.P., et al., | ) ) ) |
| Defendants. | ) ) |

### ENTRY ON MOTION FOR CLASS CERTIFICATION AND VARIOUS RELATED MOTIONS

This cause is before the Court on the following motions: the Plaintiff's Amended Motion for Class Certification (Dkt. No. 102); the Defendants' Motion to Stay Ruling on Motion for Class Certification until Plaintiff's Experts Can Be Deposed (Dkt. No. 120); and the Defendants' Motion to Compel (Dkt. No. 125). All of the motions are fully briefed[1] and the Court, being duly advised, resolves them as follows.

As relevant to the instant motion, the Plaintiff alleges in her Complaint that the Defendants[2] violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A),[3] by (1) continuing to contact her on her cellular phone via a Short Messaging

---

[1] The Court notes that the Defendants have repeatedly violated Local Rule 5-6(a)(2) by failing to give the exhibits they submit descriptive titles. The Defendants shall comply with this rule in the future.

[2] The Court is aware that Defendant ETAN General, Inc., disputes whether it has any liability for the messages sent by its co-defendant; however, the two Defendants have briefed the instant motions jointly, so the Court will refer to them collectively in this Entry.

[3] In addition to the allegations regarding text messages, the Complaint alleges that certain telephone calls were made by the Defendants in violation of the TCPA and also asserts a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Those claims are not the subject of the instant motion.

Service ("SMS") regarding a debt after she replied to a text message from them with the message "STOP" per the opt-out instructions in the text message, and (2) contacting her while the debt was subject to an automatic stay order of a bankruptcy court. The Plaintiff brings her claims on behalf of herself and all others similarly situated, and now asks the Court to certify the following class:

> (1) All persons within the United States (2) to whose cellular telephone number (3) [Defendant Credit Protection Association, L.P. ("CPA")] sent a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) within four years of the complaint (6) where CPA did not have express consent to call said cellular telephone number *or* where consent had been revoked for any such calls.

The Defendants argue, correctly, that this is an impermissible fail-safe class. A fail-safe class is "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim. Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012). Here, the Plaintiff alleges that the Defendants violated 47 U.S.C. § 227(b)(1)(A), which provides, in relevant part, that it is "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." Because the class definition proposed by the Plaintiff in essence tracks the language of the statute that she alleges the Defendants violated—therefore defining a class member as someone as to which the Defendants violated the statute—it is a failsafe class and, as such, cannot be certified.

That is not fatal to the Plaintiff's quest for class certification, however.

Defining a class so as to avoid, on one hand, being over-inclusive and, on the

>other hand, the fail-safe problem is more of an art than a science. Either problem can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis.

*Messner*, 669 F.3d at 825.  The Plaintiff states in her reply brief that she "has no objection to limiting the Class to the two Sub-Classes by just treating them as separate classes."  Dkt. No. 119 at 6-7.  The proposed sub-classes are:

>Subclass A: TCPA Stop Texting Sub-Class
>
>(1) All persons within the United States (2) to whose cellular telephone number (3) CPA sent a non-emergency telephone call via text message (4) using an automatic telephone dialing system (5) within four years of the complaint (6) where the cellular phone owner previously replied to the text message with the message to stop.
>
>Subclass B: TCPA Bankruptcy Stay Sub-Class
>
>(1) All persons within the United States (2) to whose cellular telephone number (3) CPA sent a non-emergency telephone call via text message (4) using an automatic telephone dialing system or an artificial prerecorded voice (5) within four years of the complaint (6) during a period of an automatic stay as ordered from a Bankruptcy Court.

Because the Defendants have not had the opportunity to address the propriety of these two definitions as independent class definitions, the Court declines to consider them as such.  Rather, the Plaintiff's Amended Motion for Class Certification is denied without prejudice.  The Plaintiff may file a new motion for class certification that proposes amended class definitions, to which the Defendants will then have the opportunity to respond.  As to each proposed class, the Plaintiff should clearly identify "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original) (citation omitted).

In arriving at her new proposed amended class definitions, the Plaintiff should consider the following.  First, the Plaintiff states in her reply brief that "the Court can amend or allow

3

Plaintiff to amend the class definitions to replace 'using an automated telephone dialing system' with 'the telephony systems used to call or text Plaintiff.'" Dkt. No. 119 at 6. The Court notes that unless the Defendants used more than one method to send text messages to any proposed class member, it is unnecessary to include this language in the class definition. Even if more than one method was used, this language is unnecessary unless the Defendants dispute that the method they used is not an "automated telephone dialing system" as that term is used in the TCPA; it is not clear to the Court whether that is, in fact, disputed in this case. If it is, and if more than one method was used by the Defendants, then the class definitions should specify the methods of calling that were used to send text messages to the proposed class members.

In addition, the Court notes that TCPA Subclass A refers to replying to a text message "with the message to stop." This is ambiguous. The class definition should specify the language of the messages sent by the proposed class; i.e., does the class include only those who texted just the word "stop," or does it include other variations as well and, if so, which ones?

That leads the Court to the Defendants' motion to compel and motion to stay. The motion to stay is moot in light of this ruling. With regard to the Defendants' request to depose Kevin McGoff, the motion to compel is denied. The Court will not consider expert opinions regarding the legal issue of whether Plaintiff's counsel have violated the applicable ethical rules. With regard to the Defendants' request to depose Robert Biggerstaff and obtain additional data from him, the motion to compel is denied without prejudice to refile if, after reviewing the Plaintiff's new motion for class certification and any expert report by Biggerstaff that is submitted in support of it, the Defendants in good faith believe that the discovery is necessary to address an issue relevant to the resolution of the class certification motion. Any such motion to compel shall be filed by the deadline for the Defendants' response to the new motion for class

certification and shall be filed only after conferring with the Plaintiff. It shall clearly explain why the requested discovery is relevant to the Defendants' response to the motion for class certification. If the parties reach agreement regarding the discovery, the Defendants shall, by the applicable deadline, file a motion for extension of time to file their response rather than a motion to compel.

In conclusion, the Plaintiff's Amended Motion for Class Certification (Dkt. No. 102) is **DENIED WITHOUT PREJUDICE**; the Defendants' Motion to Stay Ruling on Motion for Class Certification until Plaintiff's Experts Can Be Deposed (Dkt. No. 120) is **DENIED AS MOOT**; and the Defendants' Motion to Compel (Dkt. No. 125) is **DENIED**, but the denial is without prejudice with regard to discovery related to Biggerstaff. The Plaintiff's new motion for class certification shall be filed **within 21 days of the date of this Entry**.

SO ORDERED: 8/17/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification